# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**HUNTER J. GARRETT,**

    **Plaintiff,**

        Case No. 2:19-cv-2227

    v.         Chief Magistrate Judge Elizabeth P. Deavers

**OPPORTUNITIES FOR OHIOANS
WITH DISABILITIES,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This case is an appeal from an administrative decision by Defendant Opportunities for Ohioans with Disabilities ("OOD") denying Plaintiff Hunter Garrett's request for OOD to support his participation in an autism program at a university. In addition to bringing suit against OOD, Plaintiff also sues Kevin Miller in his official capacity as the Executive Director of OOD. Defendants contend that Kevin Miller has been inappropriately named and should therefore be dismissed. With the consent of the parties to the jurisdiction of the United States Magistrate Judge (ECF No. 12), 28 U.S.C. § 636(c), this matter is before the Court for consideration of Defendants' Motion to Dismiss Improper Party (ECF No. 13) and Plaintiff's Memorandum in Opposition (ECF No. 20). For the reasons that follow, Defendants' Motion is **DENIED**.

## I.     BACKGROUND

The Rehabilitation Act of 1973 empowers individuals with disabilities to maximize employment, economic self-sufficiency, independence, inclusion, and integration into society. *See* 29 U.S.C. § 701. Under this law, states can receive federal funding for operating a program of vocational rehabilitation to provide services for individuals with disabilities with the goal of

preparing those individuals for gainful employment. *See* 29 U.S.C. § 720(a)(2). If a state chooses to participate in the program, it must comply with federal guidelines and regulations. 29 U.S.C. § 721. Ohio participates in this program, and OOD is the state agency designated to provide vocational rehabilitation services to Ohioans with disabilities pursuant to the Rehabilitation Act. (ECF No. 1 at ¶ 15.)

Plaintiff Hunter Garrett, a young man with Autism and Attention-Deficit/Hyperactivity Disorder (ADHD), applied for support through OOD in advance of starting his college career at Western Kentucky University ("WKU"). (*Id.* at ¶¶ 20, 26, 28.) OOD found that Plaintiff was eligible for services and assigned him to a vocational rehabilitation counselor. (*Id.* at ¶ 72.) Plaintiff requested that OOD support his participation in WKU's Kelly Autism Program, but OOD denied the request. (*Id.* at ¶¶ 73–75.) On January 12, 2019, Plaintiff filed an administrative appeal of the decision to deny support for the program. (*Id.* at ¶ 83.) On February 7, 2019, an informal meeting was held in an attempt to resolve the appeal. (*Id.* at ¶ 84.) The decision to deny funding support for the program was upheld on February 14, 2019. (*Id.* at ¶ 89.) On March 18, 2019, a fair hearing was held before an OOD hearing examiner. (*Id.* at ¶ 91.) On May 13, 2019, the hearing examiner issued a decision upholding the decision to not support the program. (*Id.* at ¶ 109.)

Under the Rehabilitation Act, "[a]ny party aggrieved by a final decision" of a state's vocational rehabilitation program following a hearing may bring suit in any state court or in a federal district court. 29 U.S.C. § 722(c)(5)(J). On May 29, 2018, Plaintiff initiated this action against OOD and Kevin Miller in his official capacity as executive director of OOD. (ECF No. 1.)

## II. ANALYSIS

Defendants assert the Kevin Miller should be dismissed as a party because (1) he had limited role in the decision-making process at issue in the case, and (2) the statutes authorizing appeal in this Court only authorize suit against the state agency. (ECF No. 13 at 2–3.) Specifically, Defendants allege that Miller did not sign the final decision by OOD, that his role in the appeal process is limited, and that no decision by Miller is at issue in this appeal. (*Id.*) They contend that under Ohio Revised Code 119.12, the only proper appellee is the state agency and that 'the statute provides for a complaint of the final decision of the OOD Agency." (*Id.*)

Plaintiff opposes the Motion, asserting that neither the relevant state nor federal laws limit the parties to the action, that it is proper to name Miller due to his authority as executive director, and that he may be necessary in order for Plaintiff to maintain jurisdiction in this Court. (ECF No. 20 at 1.) Contrary to Defendants assertions, Plaintiff maintains that nowhere in Ohio Rev. Code 119.12 does the statute discuss who is a proper appellee or that only the state agency can fill that role. (*Id.* at 2.) Likewise, Plaintiff asserts that the federal procedures governing the civil action do not limit the action to particular defendants. (*Id.* at 2–3, citing 29 U.S.C. § 722(c)(5)(J)(ii), 34 C.F.R. 361.57(i)(2).) As for Miller's role in the underlying decision and appeal process, Plaintiff asserts that he has "exclusive authority to administer the daily operation and provision of vocational rehabilitation services." (*Id.* at 3, quoting Ohio Rev. Code 3304.15(C). As for the jurisdictional issue, Plaintiff notes that the Court may later need to analyze Eleventh Amendment immunity as it applies to appeals under the Rehabilitation Act, and Plaintiff cites to district courts that have dismissed similar appeals for lack of subject matter jurisdiction where the complaint was filed solely against the state agency and not also against the agency director in his or her official capacity. (*Id.* at 4–5, citing *Marino v. Colorado Div. of*

*Vocational Rehab.*, No. 16-cv-2111-MSK, 2019 WL 186413 (D. Colo. Jan. 12, 2019), *Rance v. Fla. Dep't of Educ.*, No. 09-81098-civ, 2010 WL 11601457 (S.D. Fla. Aug. 12, 2010), *Jackie S. v. Connelly*, 442 F. Supp. 2d 503, (S.D. Ohio 2006).)

The Court is not persuaded that Defendant Miller should be dismissed as a party at this juncture. Defendants claim in their Motion that the state agency is the only "proper appellee" when appealing a state agency's adjudication order under Ohio Revised Code 119.12. (ECF No. 13 at 2.) But nowhere in that state statute does it discuss which defendants are properly named in an appeal to a federal court; instead, the statute deals with the steps an aggrieved party must take to file an appeal in state court and, even there, does not specify which parties are proper defendants. *See* Ohio Rev. Code 119.12. The Court's review of the applicable federal statutes do not reveal any limitation on who is properly named as a defendant in an appeal of a state vocational rehabilitation program's adverse decision. *See* 29 U.S.C. § 701, *et. seq.*

This Court has considered similar appeals by individuals aggrieved by an OOD decision and, in some of those cases, the executive director of the agency in his official capacity was named as a defendant. *See, e.g.*, *Campbell v. Miller*, 835 F. Supp. 2d 458 (S.D. Ohio 2011) (dismissed on other grounds); *Jackie S. v. Connelly*, 442 F. Supp. 2d 503, 517 (S.D. Ohio 2006) (dismissed on other grounds).

Plaintiff's final argument against dismissing Defendant Miller as a party is that his participation in the lawsuit may be required for jurisdictional purposes. (ECF No. 20 at 4–5.) Under the Eleventh Amendment, states (and agencies of the state) are generally immune from suit in federal court by a private citizen. *See Jackie S.*, 442 F. Supp. 2d at 514. There are, however, three exceptions to Eleventh Amendment immunity: (1) waiver by the state, (2) abrogation by Congress through statute, and (3) suits for injunctive relief against a "state

4

official" for violations of federal law. *Id.* (citing *Ex parte Young*, 209 U.S. 123 (1908) (holding the Eleventh Amendment does not bar a suit against a state official for prospective injunctive relief)). Plaintiff asserts that Defendant Miller may be a necessary defendant to establish an exception to Eleventh Immunity for prospective injunctive relief against a state official. (ECF No. 20 at 5.) He argues that premature dismissal of Defendant Miller has the potential to raise jurisdictional questions. (*Id.*) Defendants did not file a reply and, therefore, did not respond to this argument.

This Court has held that *Ex parte Young* is applicable to appeals under 29 U.S.C. § 722, and that therefore suits against the state agency are not automatically barred by sovereign immunity under the Eleventh Amendment. *Id.* at 517. In analyzing the applicability of *Ex parte Young*, the Court has noted that "the Rehabilitation Act allows the possibility that an applicant can sue a state officer directly." *Campbell*, 835 F. Supp. 2d at 466 (citing *Jackie S.,* 442 F. Supp. 2d at 517 ("the Rehabilitation Act leaves open the possibility that an applicant could sue a state officer directly")).

The Court is not persuaded that it would be appropriate to dismiss Defendant Miller at this time. Defendants have not cited to, nor is the Court aware of, any statutory authority or case law establishing that it is improper to name the executive director in an appeal from an OOD (or similar state agency) decision. In fact, this Court has specifically noted that the Rehabilitation Act may allow for suit against a state officer directly. *Campbell*, 835 F. Supp. 2d at 466. Accordingly, Defendants' Motion is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Improper Party (ECF No. 13) is **DENIED** consistent with the foregoing.

**IT IS SO ORDERED.**

Date: March 31, 2020         /s/ *Elizabeth A. Preston Deavers*
                             ELIZABETH A. PRESTON DEAVERS
                             CHIEF UNITED STATES MAGISTRATE JUDGE