# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**HUNTER J. GARRETT,**

    **Plaintiff,**

                      Case No. 2:19-cv-2227

    v.                         Chief Magistrate Judge Elizabeth P. Deavers

**OPPORTUNITIES FOR OHIOANS
WITH DISABILITIES,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This case is an appeal from an administrative decision by Defendant Opportunities for Ohioans with Disabilities ("OOD") denying Plaintiff Hunter Garrett's request for OOD to support his participation in an autism program at a university. With the consent of the parties to the jurisdiction of the United States Magistrate Judge (ECF No. 12), 28 U.S.C. § 636(c), this matter is before the Court for consideration of Plaintiff's Motion to Admit Additional Evidence (ECF No. 21), Defendants' Response in Opposition (ECF No.22), and Plaintiff's Reply (ECF No. 23). For the reasons that follow, Plaintiff's Motion (ECF No. 21) is **GRANTED**.

### I.     BACKGROUND

Under the Rehabilitation Act of 1973, states can receive federal funding for operating a program of vocational rehabilitation to provide services for individuals with disabilities with the goal of preparing those individuals for gainful employment. *See* 29 U.S.C. § 720(a)(2). If a state chooses to participate in the program, it must comply with federal guidelines and regulations. 29 U.S.C. § 721. Ohio participates in this program, and OOD is the state agency designated to

provide vocational rehabilitation services to Ohioans with disabilities pursuant to the Rehabilitation Act. (ECF No. 1 at ¶ 15.)

Plaintiff Hunter Garrett, a young man with Autism and Attention-Deficit/Hyperactivity Disorder (ADHD), applied for support through OOD in advance of starting his college career at Western Kentucky University ("WKU"). (*Id.* at ¶¶ 20, 26, 28.) OOD found that Plaintiff was eligible for services and assigned him to a vocational rehabilitation counselor. (*Id.* at ¶ 72.) Plaintiff requested that OOD support his participation in WKU's Kelly Autism Program, but OOD denied the request. (*Id.* at ¶¶ 73–75.) On January 12, 2019, Plaintiff filed an administrative appeal of the decision to deny support for the program. (*Id.* at ¶ 83.) On February 7, 2019, an informal meeting was held in an attempt to resolve the appeal. (*Id.* at ¶ 84.) The decision to deny funding support for the program was upheld on February 14, 2019. (*Id.* at ¶ 89.) On March 18, 2019, a fair hearing was held before an OOD hearing examiner. (*Id.* at ¶ 91.) On May 13, 2019, the hearing examiner issued a decision upholding the decision to not support the program. (*Id.* at ¶ 109.)

Plaintiff asserts that prior to the administrative fair hearing, he requested that the hearing examiner allow him to call two witnesses by telephone or video conference: his college advisor and the Director of the Kelly Autism Program. (ECF No. 21 at 3.) He claims that the hearing examiner issued a decision on the request, permitting only one witnesses to participate in the hearing by telephone and directing Plaintiff to identify which witness he intended to call. (*Id.* at 3–4.) Plaintiff called his college advisor as his witness at the hearing but did not call the Director of the Kelly Autism Program. (*Id.* at 4.) Defendants maintain that Plaintiff had the ability to either subpoena this witness or proffer the testimony at the hearing but chose not to do so. (ECF No. 22 at 3–4.) Plaintiff now seeks to submit testimony by the director of the Kelly

2

Autism Program for this Court's consideration on appeal. Defendants oppose the request, for reasons more fully set forth below.

## II.     ANALYSIS

Plaintiff requests that the Court allow him to take the deposition of the Director of the Kelly Autism Program for the limited purpose of eliciting testimony regarding the vocational necessity of the Program. (ECF No. 21 at 1.) Plaintiff asserts that testimony from the director of the Program is necessary to fully address whether OOD's decision to deny support for the program was made in accordance with law. (*Id.* at 7.) According to Plaintiff, in the administrative decision, the hearing examiner questions whether the services provided by the Program are vocationally necessary, and the Director of the Program is necessary to answer these questions. (*Id.* at 8.) Plaintiff also asserts that it was improper for the hearing examiner to exclude this testimony at the administrative level. (*Id.* at 9.)

Defendants oppose the request for several reasons. They acknowledge the permissive language of the statute at issue. Nevertheless, Defendants maintain that the testimony of the Director of the Kelly Autism Program would be duplicative and should not be considered "additional" evidence. (ECF No. 22 at 7.) Defendants insist that Plaintiff could have either subpoenaed this testimony in advance of the fair hearing or proffered this testimony at the hearing. (*Id.* at 3–4.) Defendants argue that, if the additional testimony is admitted, the case should be remanded for the hearing examiner to hear the testimony in the first instance. (*Id.* at 4.) They also request the ability to present rebuttal evidence as needed. (*Id.* at 8.)

The statute at issue provides that a district court reviewing a hearing officer's determination on the administrative record "shall hear additional evidence at the request of a party." 29 U.S.C. § 722(c)(5)(J)(ii)(II). As Plaintiff notes, neither this Court nor the Court of

Appeals for the Sixth Circuit have interpreted the specific statutory language at issue. (ECF No. 21 at 4.) A federal district court in Oregon recently held that "Plaintiff has a right, under 29 U.S.C. § 722(c)(5)(J)(ii)(II), to submit additional evidence," noting that additional evidence was welcomed "to the extent necessary to understand Plaintiff's arguments." *Snell v. Dep't of Human Servs.*, No. 3:18-cv-00227-SI, 2019 WL 3467924, at *5 (D. Or. July 31, 2019). Another federal district court in Maine analogized the statutory language at issue to the nearly identical language of the Individuals with Disabilities Education Act. *See Millay v. Maine*, 986 F. Supp. 2d 57, 77–78 (D. Me. 2013); 20 U.S.C. § 1415(i)(2)(C) ("In any action brought under this paragraph, the court . . . (ii) shall hear additional evidence at the request of a party.").

The Sixth Circuit has, however, opined on the "additional evidence" language as found in the Individuals with Disabilities Education Act. In *Somberg on behalf of Somberg v. Utica Cmty. Sch.*, the appellate court upheld the district court's decision to allow additional evidence. 908 F.3d 162, 174–75 (6th Cir. 2018). The court noted that a district court must "avoid using additional evidence to rule upon issues beyond those presented to the [administrative law judge]." *Id.* (citing *Metro Bd. of Pub. Educ. V. Guest*, 193 F.3d 457, 463 (6th Cir. 1999)). Because the court found that the evidence at issue was consistent with the issues presented to the administrative decisionmaker, the court allowed the additional evidence to be submitted to the district court on appeal. *Id.* This Court has similarly acknowledged that the Sixth Circuit has "taken an expansive view of the scope of additional evidence that may supplement the administrative record." *T.J. v. Winton Woods City Sch. Dist.*, 2013 U.S. Dist. LEXIS 36213, at *35–36 (S.D. Ohio, March 15, 2013) (citing *Deal v. Hamilton County Bd. of Educ.*, 392 F.3d 840, 850 (6th Cir.2004)).

Here, the Court concludes that, based on the plain language of the statute and the Court of Appeals for the Sixth Circuit's interpretation of nearly identical language in another statute, it is appropriate to admit additional evidence limited to the testimony by the Director of the Kelly Autism Program as it relates to the issues before the hearing examiner. The Court is not persuaded that it would be appropriate to remand at this time, given the statute's authorization for a district court to hear additional evidence. If Defendants wish to submit additional evidence, they are welcome to file an appropriate motion.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Admit Additional Evidence (ECF No. 21) is **GRANTED** consistent with the foregoing.

**IT IS SO ORDERED.**


Date: March 31, 2020                   /s/ *Elizabeth A. Preston Deavers*
                                              ELIZABETH A. PRESTON DEAVERS
                                              CHIEF UNITED STATES MAGISTRATE JUDGE