IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HUNTER J. GARRETT,**

    **Plaintiff,**

    vs.

**OPPORTUNITIES FOR OHIOIANS
WITH DISABILITIES,** *et al.***,**

    **Defendants.**

Case No. 2:19-cv-2227

Chief Magistrate Judge Elizabeth P. Deavers

## ORDER

This matter is before the Court for consideration of the Unopposed Motion for Leave to File Briefs and Exhibits Under Seal. (ECF No. 60.) Plaintiff seeks leave for the parties to file their upcoming merits briefing under seal, including Plaintiff's Merit Brief, Defendant's Response, Plaintiff's Reply, and any accompanying exhibits. (*Id.*) Plaintiff argues that "[t]he briefing contains educational and medical information of the Plaintiff" and "[b]ecause the confidential information is anticipated to be used extensively throughout the briefing, Plaintiff requests leave to file under seal, as redaction of the documents for public filing is not possible." (*Id.*)

It is well established that "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns,* 435 U.S. 589, 598 (1978). A court's discretion to seal records from public inspection, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files[,]" which the United States Court of Appeals for the Sixth Circuit as described as a "long-established legal tradition." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983); *see also Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178–80 (6th Cir. 1983) (discussing the justifications for the

"strong presumption in favor of openness"). Therefore, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted). The Sixth Circuit has indicated that exceptions fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179 (citations omitted).

In addition, the Sixth Circuit has recently emphasized the public's "strong interest in obtaining the information contained in the Court record." *Shane Grp., Inc.*, 825 F.3d at 305 (internal quotation marks and citation omitted); *see also In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019) ("'[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.'") (quoting *Shane Grp., Inc.*, 825 F.3d at 305). Accordingly, district courts must consider "each pleading [to be] filed under seal or with redactions and to make a specific determination as to the necessity of nondisclosure in each instance" and must "bear in mind that the party seeking to file under seal must provide a 'compelling reason' to do so and demonstrate that the seal is 'narrowly tailored to serve that reason.'" *In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 940 (quoting *Shane Grp.*, 825 F.3d at 305).

Here, Plaintiff seeks to keep under seal his confidential medical and educational records, which the parties evidently agree will be used "extensively" in the upcoming merits briefing. (ECF No. 60.) The Court finds that sealing such records is in accordance with the strong public policy of HIPAA, Ohio Revised Code Section 2317.02(B), and the Family Educational Rights and Privacy Act (FERPA). Further, because the information will be used "extensively"

throughout the briefing, the Court finds that sealing the briefing in its entirety "is no broader than necessary" to protect the information, as redaction may render the briefing meaningless.  *See In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 939 (citations and internal quotation marks omitted); *Shane Grp., Inc.*, 825 F.3d at 306.  The Court thus finds that the parties have set forth compelling reasons to file under seal the upcoming merits briefing.

Accordingly, for good cause shown, the Unopposed Motion for Leave to File Briefs and Exhibits Under Seal, ECF No. 60, is **GRANTED**.  The parties are hereby **GRANTED LEAVE TO FILE UNDER SEAL** the forthcoming Plaintiff's Merit Brief, Defendant's Response, Plaintiff's Reply, and any accompanying exhibits.

**IT IS SO ORDERED.**


Date: September 23, 2021           /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE